**United States District Court**
**Eastern District of Wisconsin**

Felix C. Onukwugha,

      Plaintiff,

      v.                                 Civil Action No.: 13-CV-102

Cooper Power Systems and
Briggs & Stratton,

      Defendants.

## COOPER POWER SYSTEMS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

Cooper Power Systems ("Cooper"), by and through its attorneys, Albrecht Backer Labor & Employment Law, S.C. submits this *Brief in Support of its Motion to Dismiss the Plaintiff's Complaint*.

The Complaint raises two allegations against Cooper. First, the Plaintiff alleges that Cooper retaliated against him for filing a previous Charge of Discrimination. Second, the Plaintiff alleges that Cooper unlawfully refused to hire him based on his race, national origin and age. As will be set forth in further detail below, both of these claims must be dismissed as a matter of law.

### BACKGROUND

For purposes of this Motion to Dismiss only, the Court must accept as true the following allegations in the Plaintiff's Complaint.

The Plaintiff last worked at Cooper in 2002 (Compl., ¶¶ 2 & 4). The Plaintiff began his employment with Cooper in 1990 and worked there for 12 years (Compl., ¶¶ 2 & 4).

While employed at Cooper, the Plaintiff filed a Charge of Discrimination against Cooper with the Equal Employment Opportunities Commission ("EEOC") (as set forth in Charge of Discrimination No.: 443-2013-00191, attached to the Plaintiff's Complaint).  The Plaintiff's EEOC Charge against Cooper was resolved in 2002 (as set forth in Charge of Discrimination No.: 443-2013-00191).

The Plaintiff has applied for several jobs with Co-Defendant Briggs & Stratton but has not been hired for any of those jobs (Compl., ¶ 1).

## ARGUMENT

**I.      Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6) Dispose of Legally Deficient Claims.**

The purpose of a motion to dismiss is to weed out legally deficient claims, facilitating the just, speedy and inexpensive resolution of disputes.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Legally deficient claims should be exposed at the earliest possible opportunity.  *Id*. The defendant should be spared the burden of discovery if the plaintiff has not set out facts that make plausible the plaintiff's entitlement to relief.  *Id*. at 559.

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's Complaint must first comply with the Rule 8(a) requirement that it provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While this rule does not compel a litigant to supply detailed factual allegations in support of his claims, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' ... will not do."  *Id.* (quoting *Twombly,* 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]'

2

devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

The next step in testing the sufficiency of the complaint is to identify conclusory allegations. *See Iqbal,* 556 U.S. at 678. Moreover, under Rule 12(b)(6), a court must ascertain if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). If a complaint consists of conclusory allegations or does not contain sufficient factual allegations, it must be dismissed. *Id.*

In *Riley v. Vilsack*, the Court stated that a "complaint is implausible under *Iqbal* and *Twombly* not because the allegations are 'fanciful' … but because they are too conclusory or because they fail to include facts about the elements of a claim." 665 F. Supp. 2d 994, 1004 (W.D. Wis. 2009) (citation omitted). The Court concluded that to assess the sufficiency of a complaint in the wake of *Iqbal* and *Twombly*, it should ask:

> [I]f all the *facts* the plaintiff alleges in his complaint are accepted as true, but all the conclusions are rejected, is it still plausible (that is, more than speculative) to believe that additional discovery will fill in whatever gaps are left in the complaint?

*Id.*; *see also, McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

When this question is answered with regard to Plaintiff's Complaint, the answer resoundingly is "no"- - his retaliation and discrimination claims against Cooper rest on a foundation of conclusory allegations, devoid of the required factual underpinnings.

3

## II. The Retaliation Claim Must Be Dismissed.

### A. The Retaliation Claim is Based on Conclusory and Speculative Allegations.

As was discussed above, claims that are based on conclusory or speculative facts cannot survive a motion to dismiss. The Plaintiff's retaliation claim suffers from these fatal flaws and, accordingly, should be dismissed.

The only mention of alleged retaliation by Cooper is set forth in paragraph 2 of the Complaint. That paragraph reads as follows:

> Cooper Power Systems is retaliating against me because of previous discrimination charges I file [sic] against them after 12 years as an employee.

The retaliation allegation is entirely devoid of any facts to support it. For example, what did Cooper allegedly do to retaliate against the Plaintiff? When did the alleged retaliation occur? In short, the Complaint puts Cooper, and the Court, in the position of having to guess what Cooper allegedly did wrong and when.

One guess is that the Plaintiff could be alleging that Cooper retaliated against him by giving him "bad references" or through "other measures." This quoted language comes directly from the EEOC Charge that is attached to the Plaintiff's Complaint. If this, indeed, is the retaliation that is being alleged by the Complainant, the allegations still are factually insufficient. The Plaintiff does not specify to whom these "bad references" were given or even when. And, Cooper is at a loss to decipher what the Complainant means when he alleges that Cooper took "other measures" against him.

Another guess could be that the Plaintiff is alleging that Cooper retaliated against him by giving a negative reference to Co-Defendant Briggs & Stratton such that Briggs & Stratton refused to hire him. This guess is based on cobbling together bits and pieces from the

4

Complaint, the EEOC Charge against Cooper and the EEOC Charge against Briggs & Stratton. The problem with this theory, however, is that it is pure speculation: neither the Complaint nor the EEOC Charges actually make this claim. The retaliation allegation in paragraph 2 of the Complaint does not mention Briggs & Stratton. The EEOC Charge against Cooper that is attached to the Complaint does not mention Briggs & Stratton. Finally, the EEOC Charge against Briggs & Stratton that is attached to the Complaint does not mention Cooper. It could be that the Plaintiff is alleging that Cooper retaliated against him by providing Briggs & Stratton with a negative reference. But, that is just a guess.

The bottom line, of course, is that Cooper should not be placed in the position of having to guess. It is clear that the Plaintiff's allegation of retaliation against Cooper lacks any factual support and is based on pure speculation. Again, a Complaint that is based on pure speculation cannot survive a Motion to Dismiss.

B.       The Plaintiff's Retaliation Claim also Fails as a Matter of Law.

To the extent that the Plaintiff actually is attempting to allege that Cooper retaliated against him by providing Briggs & Stratton with a negative reference, that claim must be dismissed as a matter of law.

In order to state a claim for retaliation, a plaintiff must show, among other things, that a causal connection exists between his statutorily protected activity and the employer's alleged adverse action. *See, e.g., Benuzzi v. Bd. of Educ. of the City of Chicago,* 647 F.3d 652, 664 (7th Cir. 2011). The Seventh Circuit Court of Appeals repeatedly has found that a significant lapse in time between the employee's protected activity and the employer's adverse action negates a claim for retaliation. In fact, the Seventh Circuit has found that a one-year gap

5

between the protected activity and the adverse action will negate the causal connection between the two. *See, e.g., Lalvani v. Cook County,* 269 F.3d 785 (7th Cir. 2001).

Given that the Seventh Circuit has found that a one-year gap between the protected activity and the adverse action is fatal to a claim for retaliation, it is not surprising that longer gaps in time also will be fatal to the claim. For example, in *Albrechtsen v. Board of Regents of the University of Wisconsin,* 309 F.3d 433 (7th Cir. 2002) there was a gap of at least seven years between the employee's protected activity and the employer's adverse action. Under such circumstances, the Seventh Circuit found the claim of retaliation to be, in their words, "farfetched." *Id.* at 438.

In the instant case, a claim that Cooper retaliated by providing Briggs & Stratton with a negative employment reference is even more farfetched. By the Plaintiff's own admission, there was approximately a nine-year gap between his statutorily protected activity (the EEOC Charge against Cooper) and the alleged adverse action (the negative reference from Cooper to Briggs & Stratton). This information can be gleaned from piecing together the dates set forth in the EEOC Charges that the Plaintiff attached to his Complaint. In the EEOC Charge against Cooper, the Plaintiff admits that the prior EEOC Charge against Cooper was "resolved in 2002." In his EEOC Charge against Briggs & Stratton, the Plaintiff concedes that the earliest date of discrimination (*i.e.,* Briggs & Stratton's failure to hire the Plaintiff presumably based on Cooper's negative reference) occurred on November 14, 2011. Thus, Plaintiff is alleging that Cooper retaliated against him by providing Briggs & Stratton with a negative reference *nine years* after his prior EEOC Charge against Cooper had been resolved. As a matter of law, this nine-year gap in time is fatal to the Plaintiff's retaliation claim.

**III.    The Plaintiff's Discrimination Claims Against Cooper Must be Dismissed.**

In paragraph 3 of his Complaint, the Plaintiff alleges that "both" defendants are discriminating against him by "failing to hire" him due to his race, national origin, age and in retaliation for filing a prior discrimination complaint.  This allegation against Cooper must be dismissed because the Plaintiff offers no facts to support it.  The Plaintiff acknowledges that his prior employment with Cooper ended in 2002 (Compl., ¶¶ 2 & 4).  The Complaint, however, is entirely devoid of any allegation that the Plaintiff applied for employment with Cooper after 2002.  Plaintiff's claim that Cooper discriminated against him by refusing to hire him must be dismissed because there is no allegation that he even applied for employment with Cooper.  (He, in fact, has not applied.)

The Plaintiff's discrimination claim against Cooper also must be dismissed as a matter of law because he has not exhausted his administrative remedies with respect to these discrimination claims.  Stated differently, the Plaintiff's claim of race, national origin and age discrimination against Cooper never was included in his EEOC Charge against Cooper.  A review of that EEOC Charge shows that he only alleged that Cooper engaged in unlawful retaliation.  He did not check the boxes for race, national origin or age.

As this Court is aware, a Title VII Plaintiff cannot bring claims in a lawsuit that were not included in the underlying EEOC Charge.  *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994).  Because the Plaintiff in the instant case did not include allegations of race, national origin and age discrimination against Cooper in his EEOC Charge, he is foreclosed from pursuing those claims in this Court.

## CONCLUSION

As was stated at the beginning of this brief, the purpose of a Motion to Dismiss is to weed-out legally deficient claims, facilitating the just, speedy and inexpensive resolution of disputes. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007). The defendant should be spared the burden of discovery if the plaintiff has not set out facts that make plausible the plaintiff's entitlement to relief. *Id.* at 559.

In the instant case, the Plaintiff has offered no facts to support his claims of retaliation and discrimination. His retaliation claim is based on pure speculation and his refusal to hire discrimination claim against Cooper makes no sense because there is no allegation that he even sought re-employment with Cooper.

Reduced to its essence, the Plaintiff's Complaint against Cooper sets forth nothing more than the Plaintiff's speculative belief that Cooper may have harmed him in some unspecified manner. These vague, conclusory allegations cannot survive a Motion to Dismiss. It would be profoundly unjust to require Cooper to expend the costs to defend itself against such unsubstantiated claims.

Dated: July 29, 2013

/s/ Peter L. Albrecht

Peter L. Albrecht
State Bar No.: 01022450
Attorneys for Cooper Power Systems, Defendant.
Albrecht Backer Labor & Employment Law, S.C.
131 West Wilson Street, Suite 1202
Madison, Wisconsin 53703
Ph: (608) 441-1396
Fx: (608) 441-1395
Email: pete@abemploymentlaw.com