# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**FELIX C. ONUKWUGHA,**
              **Plaintiff,**

      v.                                                  Case No.  13-CV-00102

**BRIGGS & STRATTON, and**
**COOPER POWER SYSTEMS, LLC,**
              **Defendant.**

---

## DECISION AND ORDER

Pro se plaintiff Felix Onukwugha is suing defendants under 28 U.S.C. § 1983. Defendant Cooper Power Systems, LLC ("Cooper") moves to dismiss the complaint, and defendant Briggs & Stratton ("Briggs") moves to sever the claims against it from the claims against Cooper.

### A. Cooper's Motion to Dismiss

The facts alleged in the complaint with regard to Cooper are as follows: Cooper hired plaintiff in 1990, and plaintiff worked for Cooper for 12 years. In 1999, a group of men at the company started sexually harassing plaintiff. He complained to his supervisor and human resources but received no response. Shortly thereafter, plaintiff was denied a promotion and twice demoted to lower-paying jobs. He filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was resolved in 2002 (the complaint does not say how the charge was resolved). That same year plaintiff stopped working for Cooper and graduated from the University of Wisconsin-Milwaukee with a degree in mechanical engineering. It is not clear exactly why plaintiff quit his job with

Cooper, whether it was because of the harassment or because he was now qualified for higher paying jobs. Since 2002, plaintiff has been unable to find work. Plaintiff alleges that he has been unable to find a job because Cooper is giving him bad references and has refused to rehire him for jobs that he is qualified to perform.

Plaintiff brings two claims against Cooper. First, plaintiff claims Cooper violated Title VII, 42 U.S.C. § 2000e-3(a), by giving him bad employment references in order to retaliate against him for the discrimination complaint he filed in 1999. Second, plaintiff claims Cooper violated Title VII by refusing to rehire him in order to again retaliate against him for the discrimination complaint he filed in 1999. Alternatively, plaintiff claims Cooper's refusal to rehire him violated Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 623(a)(1), because Cooper discriminated against plaintiff on account of his race (Black), national origin (Nigerian) and age (he is 58-years-old).

On November 14, 2012, plaintiff filed a second discrimination complaint with the EEOC against Cooper, which alleged that:

> I filed a discrimination complaint against respondent in 1999/2000 which was resolved in 2002. Since that time, I believe respondent has given me bad references or taken other measures so that I cannot find further employment. I believe respondent is discriminating against me in retaliation for filing my prior complaint, in violation of Title VII of the Civil Rights Act, as amended, including § 704(a).

(Compl. Ex. 1, ECF No. 1-2.) The EEOC dismissed this complaint and issued a right to sue letter on November 19, 2012. Plaintiff filed this lawsuit on January 28, 2013—within 90 days of the issuance of the right to sue letter.

Cooper moves to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to state a valid claim for relief. To state a claim under Rule 12(b)(6), a

2

complaint must state a plausible claim for relief, i.e. it must include sufficient factual allegations to permit "the reasonable inference that defendant is liable for the injury alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim, I accept all of plaintiff's allegations as true and take all reasonable inferences in plaintiff's favor. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir.2010). And, because plaintiff is proceeding pro se, I give the complaint a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for retaliation under Title VII, plaintiff must allege that he engaged in statutorily protected activity and suffered an adverse action at the hands of his employer as a result of that activity. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013); *see also Benuzzi v. Bd. of Education of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011) ("[P]laintiffs in federal court are not required to plead with precision legal theories or detailed facts."). Plaintiff's first and second claims meet both of these requirements. First, he alleges that he complained about discrimination and to retaliate Cooper gave him bad employment references. Second, he alleges that he complained about discrimination and to retaliate Cooper refused to rehire him for jobs that he is qualified to perform. *See also Jajeh v. Cnty. of Cook*, 678 F.3d 560, 573 (7th Cir. 2012) ("[P]ost-termination acts of retaliation may be actionable under Title VII.").

Plaintiff has also stated valid claims for status-based discrimination under Title VII and the ADEA. To state a claim for status-based discrimination under these statutes, plaintiff must allege that Cooper took an adverse employment action against plaintiff on the basis of his membership in a protected group. *See Luevano*, 722 F.3d at 1028 ("[A]

complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."). Plaintiff's allegations that Cooper rejected his job applications after 2002 on account of his race, national origin and/or age meet this standard. Therefore, I will allow him to proceed on both of his claims.

Cooper also moves to dismiss plaintiff's second claim for failure to exhaust administrative remedies. An aggrieved person can only bring suit under Title VII or the ADEA based on allegations "that were included in his EEOC charge or that are 'like or reasonably related to the allegations in the charge and growing out of such allegations.'" *Swearnigen-El v. Cook Cnty. Sheriff's Dep't.*, 602 F.3d 852, 864 (7th Cir. 2010) (quoting *McKenzie v. Ill. Dep't. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)); *see also* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626 (d)(1). At a minimum, this requires a complaint to "describe the *same conduct* and implicate the *same individuals*" as an EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). This rule "'gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)). The Seventh Circuit has, however, carved out an exception to this rule, holding that "a separate administrative charge is not a prerequisite to a suit complaining about retaliation for filing [an earlier EEOC charge]." *Maholtra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989), *superseded on other grounds by statute as stated in Rush v. McDonald's Corp.*, 966 F.2d 1104, 1119–20 (7th

Cir. 1992). In such a case, the original charge is sufficient to satisfy the exhaustion of administrative remedies requirement and there is no need for a double filing. *Id.*

Here, plaintiff claims Cooper violated Title VII by refusing to rehire him in order to retaliate against plaintiff for the EEOC charge he filed back in 1999. Since plaintiff is alleging that Cooper retaliated against him for filing an EEOC charge, it appears from the face of the complaint that he has exhausted his administrative remedies with regard to this claim. Therefore, I will allow him to proceed on it. *See also Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009) (noting that exhaustion of administrative remedies is an affirmative defense on which the defendant bears the burden of proof). Plaintiff also offers three alternative legal theories to support his claim that Cooper unlawfully refused to rehire him. *See Lindh v. Murphy*, 96 F.3d 856, 874 (7th Cir. 1996) ("A 'claim' is a demand for relief from an identified injury, which may be supported (or defeated) by many different theories."). He alleges that Cooper's refusal to rehire him also violated Title VII and the ADEA because Cooper discriminated against plaintiff on account of his race, national origin and/or age. These allegations were not included in either of plaintiff's EEOC charges and they do not appear to be reasonably related to the allegations in those charges.[1] This may ultimately prevent plaintiff from prevailing under the sections of Title VII and the ADEA that prohibit status-based discrimination. Regardless, I will allow plaintiff

---

[1] As far as I can tell, these allegations do not relate in any way to the allegations in plaintiff's first EEOC charge, and they are not discussed in his second EEOC charge. That charge says only that Cooper gave plaintiff "bad references" and took "other measures" so that plaintiff could not find further employment. (Compl. Ex. 1.) The phrase "other measures" was not specific enough to put Cooper on notice that plaintiff was seeking relief on the ground that Cooper engaged in status-based discrimination when it rejected plaintiff's job applications after 2002.

to proceed on these alternative legal theories at this stage of the proceedings. These allegations are not independent claims. They are only one part of his claim that Cooper unlawfully refused to rehire him and that claim cannot be dismissed under Rule 12(b)(6).

**B. Briggs's Motion to Sever**

According to the allegations in the complaint, one of the places plaintiff has applied to work since receiving his mechanical engineering degree is Briggs. He first applied for a job with Briggs in 2011,[2] but Briggs has refused to hire him. Plaintiff alleges that Briggs refused to hire him because of his race, national origin and age. He also alleges that Briggs refused to hire him to retaliate against him for filing a discrimination complaint against his former employer, Cooper. On November 14, 2012, plaintiff filed a discrimination complaint with the EEOC against Briggs, which alleged that:

> I have applied for several positions with respondent but have not been selected for any positions despite my qualifications. I believe respondent is discriminating against me by failing to hire me, due to my race (Black), national origin (Nigerian), age (d.o.b. 6/29/1955), and in retaliation for filing a prior discrimination complaint against my former employer, in violation of Title VII of the Civil Rights Act of 1964, as amended, including § 704(a), and the Age Discrimination in Employment Act of 1967, as amended.

(Compl. Ex. 1.) It is not clear from the complaint whether this EEOC complaint has been resolved.

Briggs moves to sever the claims against it from the claims against Cooper under Fed. R. Civ. P. 21. Joinder of defendants is proper where there is a common transaction

---

[2] I discern this fact from the copy of the EEOC complaint that plaintiff filed against Briggs, which is attached to the complaint filed in this case. Under "Date(s) Discrimination Took Place," plaintiff states that Briggs began discriminating against him on November 14, 2011. (Compl. Ex. 1.) Presumably this is the date on which Briggs first denied plaintiff a job.

or occurrence and a common question of law or fact between all defendants. Fed. R. Civ. P. 20(a). Here, there is a common transaction or occurrence and a common question of fact raised by plaintiff's claims against the two different defendants. Plaintiff claims Cooper gave him bad employment references, which prevented him from finding a job, and Briggs is one of the companies that refused to hire plaintiff when he applied for a job. This raises two common questions of fact: 1) did Cooper actually gave plaintiff bad employment references? and 2) did Briggs refuse to hire plaintiff on the basis of a bad reference from Cooper or on some other ground? Because there is some overlap between plaintiff's claims against each of the defendants, I will deny the motion to sever.

In the alternative, Briggs asks that I order separate trials for the two defendants pursuant to Fed. R. Civ. P. 42(b). I will deny this request without prejudice. Briggs is free to renew it should this case proceed to trial.

**THEREFORE, IT IS ORDERED** that defendant Cooper Power Systems, LLC's motion to dismiss (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Briggs & Stratton's motion to sever (Docket #21) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2014.

                                                                           s/ Lynn Adelman
                                                                           _____
                                                                           LYNN ADELMAN
                                                                           District Judge