UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**FELIX C. ONUKWUGHA,**
            **Plaintiff,**

v.                                                               Case No. 13-cv-102

**BRIGGS & STRATTON and**
**COOPER POWER SYSTEMS LLC,**
            **Defendants.**
_____

## DECISION AND ORDER

Pro se plaintiff Felix Onukwugha brings this suit against his former employer, Cooper Power Systems LLC ("Cooper") and prospective employer Briggs & Stratton ("Briggs") alleging that they discriminated against him based on his race, national origin, and age and retaliated against him for filing a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). Before me now are a motion to compel discovery as well as several summary judgment motions.

Plaintiff worked for Cooper from 1990 until 2002. In 1999 or 2000, he filed a discrimination charge with the EEOC alleging sexual harassment and race discrimination. Plaintiff and Cooper resolved the EEOC charge in 2002 informally, with Cooper paying plaintiff a sum of money and plaintiff agreeing not to seek employment with Cooper in the future. Also in 2002, Cooper terminated plaintiff because he failed to timely return from a personal leave of absence, which he took to travel to Nigeria for his father's funeral.

After leaving Cooper, plaintiff completed a degree in mechanical engineering at the University of Wisconsin - Milwaukee ("UWM"). However, since 2002, he has been unable to find work. He has applied to approximately 42 positions with Briggs but has been denied

all of them. He also asserts that he has applied to a few positions at Cooper since 2002, but was also denied those positions. In 2012, plaintiff filed two more EEOC charges, one against each defendant, and received right to sue letters. He then filed this complaint, in which he alleges race, national origin, and age discrimination and retaliation. Specifically, he complains that he has been unable to find a job because Cooper is giving him bad references, essentially portraying him as a "squealer," and that other prospective employers, including Briggs, are not hiring him because of this complaint. Both defendants filed summary judgment motions, and plaintiff responded to defendant's summary judgment arguments in what he titled a "request for punitive and summary judgment."

## I. Summary Judgment Motions

I must grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When considering a summary judgment motion, I view evidence in the light most favorable to the non-moving party and may grant summary judgment only if no reasonable jury could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**1. Discrimination Claims**

Plaintiff claims that both defendants discriminated against him based on his race and national origin in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and based on his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1) by not hiring him. First, I address the discrimination claim against Cooper, which I will dismiss because based on the record, plaintiff has failed to exhaust his administrative remedies and the claim is time-barred. Before filing his complaint in federal court, plaintiff

2

was required to file a charge with the EEOC in order to give the employer notice of the claim and an opportunity to engage in informal conciliation proceedings. 42 U.S.C. § 2000e-5; *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Plaintiff may not bring claims in federal court that were not included in the original EEOC charge. *Cheek*, 31 F.3d at 500. Here, plaintiff's 2012 EEOC charge against Cooper only included retaliation claims and did not allege that Cooper was refusing to re-hire him because of his race, national origin, or age. Compl. Ex. 1 at 1 (ECF No. 1-2). Race, national origin, and age discrimination claims are materially different from a retaliation claim, *see Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003), and thus plaintiff's 2012 EEOC charge failed to give Cooper notice of and an opportunity to informally resolve the discrimination claim. Thus, plaintiff has failed to exhaust his administrative remedies regarding his discrimination claim against Cooper.

Even if I were to interpret plaintiff's 2012 EEOC charge as including discrimination claims, his claims would still time-barred. Before bringing a discrimination claim under Title VII or the ADEA, plaintiff must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d). Plaintiff filed his most recent EEOC charge against Cooper in November 2012, and thus that claim can only cover unlawful employment practices that occurred since January 2012. However, plaintiff admitted in his deposition that the last time he applied for a position with Cooper was in 2010 or 2011, outside the 300 day limit for filing an EEOC violation. Thus, none of the allegedly discriminatory employment practices were properly covered by the 2012 EEOC charge, and thus I may not properly consider them now.

3

I will also dismiss plaintiff's discrimination charges against Briggs because plaintiff fails to put forward any evidence that Briggs discriminated against him based on his race, national origin, or age. Discrimination based on race and national origin claims brought under Title VII and age discrimination claims brought under the ADEA are analyzed under the same framework, *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1060 n.4 (7th Cir. 2003), and can be proven using either the direct or indirect method of proof, *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir. 2012). Under the direct method of proof, plaintiff must present either direct evidence or a "convincing mosaic of circumstantial evidence that allows a jury to infer intentional discrimination." *Id.* at 1105 (internal quotations and citation omitted). Under the indirect method of proof, plaintiff must establish a prima facie case of discrimination by showing that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he was not hired, and (4) a similarly situated individual outside his protected class was hired. *Cerutti*, 349 F.3d at 1061. If plaintiff shows all of this, the burden shifts to defendants to show a legitimate, non-discriminatory reason for not hiring plaintiff. *Id.* The burden then shifts back to plaintiff to show that the proffered non-discriminatory reason is pretextual. *Id.*

Plaintiff provides no direct evidence of discrimination, which "essentially requires an admission by the decision-maker that his actions were based on the prohibited animus." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000). And plaintiff does not point to any circumstantial evidence that he was not hired because of his race, national origin, or age. In his summary judgment filing, plaintiff points to segregated housing in Wisconsin and a general lack of jobs for minorities as evidence of racial and national origin

4

discrimination, but these sweeping generalizations are not evidence that Briggs itself discriminated against him. Further, Briggs asserts, and plaintiff does not dispute, that no one at Briggs, including the decision-maker, knew plaintiff's race, national origin, or age when making the hiring decision. This undisputed evidence makes it impossible for plaintiff to succeed on a claim that Briggs did not hire him because of his race, national origin, or age. *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996) ("We cannot presume that an employer most likely practiced unlawful discrimination when it did not know that the plaintiff even belonged to the protected class.").

     Plaintiff's case also fails under the indirect method of proof. It is undisputed that plaintiff is a member of a protected class and that he was not hired for the 42 positions for which he applied. However, plaintiff fails to show any evidence of a similarly situated individual outside the protected class who was hired. Additionally, Briggs asserts that it had a legitimate, non-discriminatory reason for not hiring plaintiff, namely that he was not qualified, let alone the most qualified, candidate for the position. Plaintiff asserts that his degree in mechanical engineering from UWM and his years of experience minimally qualified him for all positions at Briggs he applied for, but even if this is true, which is unclear from the record, it does not rebut the assertion that he was not the most qualified candidate. Plaintiff's academic record at UWM indicates that he had a cumulative GPA of 2.019, received multiple "Ds" and "Fs" in engineering-related courses, and was on academic probation for 14 semesters. Glisch Decl. Ex. 9 (ECF No. 51-9). This evidence supports Briggs' assertion that plaintiff was not the most qualified candidate for the position. Plaintiff has failed to rebut Briggs' non-discriminatory reason for not hiring him. Thus, his discrimination claim against Briggs fails under both the direct and indirect method

5

of proof.

## 2. Retaliation Claims

Plaintiff also claims that both defendants retaliated against him for filing the 2002 EEOC complaint against Cooper in violation of Title VII, 42 U.S.C. § 2000e-3(a). Specifically, he alleges that Cooper unlawfully retaliated by not rehiring him and by providing other prospective employers, including Briggs, with negative references, and he alleges that Briggs unlawfully retaliated by not hiring him once it found out about the 2002 EEOC complaint. It is unlawful for an employer to retaliate against an employee who has complained about discrimination. 42 U.S.C. § 2000e-3(a). Like a discrimination claim, a retaliation claim can be proven through either direct or indirect evidence. *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 740 (7th Cir. 2011). To show retaliation using direct evidence, plaintiff must show that (1) he engaged in protected activity, (2) he was subjected to an adverse employment action, and (3) a causal connection between the two. *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 686 (7th Cir. 2008). Under the indirect method of proof, plaintiff must show that (1) he engaged in protected activity, (2) he applied and was qualified for the position sought, (3) he was not hired, and (4) a similarly situated individual who did not complain was hired. *Mmubango v. Leavitt*, 428 F. Supp. 2d 833, 840–41 (N.D. Ill. 2006). If plaintiff makes this prima facie showing, the burden then shifts to defendants to show a legitimate, non-retaliatory reason for not hiring plaintiff. *Lalvani v. Cook Cty.*, 269 F.3d 785, 790 (7th Cir. 2001). The burden then shifts back to plaintiff to show that the proffered non-retaliatory reason is pretextual. *Id.*

I first address plaintiff's claim that Cooper did not re-hire plaintiff in retaliation for

6

plaintiff's 2002 EEOC complaint. Plaintiff's claims fails for several reasons. First, aside from his own deposition testimony that he applied for "four, maybe five" positions at Cooper between 2006 and 2011, Cooper's Prop. Findings of Fact Ex. 1 at 7 (ECF No. 51-2), plaintiff provides no evidence that he ever applied for positions at Cooper. *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Centor Contractors, Inc.*, 831 F.2d 1309, 1313 n.4 (7th Cir. 1987) ("Reliance on bare unsupported assertions" is not enough at summary judgment.). Thus, plaintiff cannot show any direct evidence of retaliation.

Additionally, the record overwhelmingly supports the conclusion that if plaintiff applied for these positions and Cooper did not rehire him, Cooper's decision was not for retaliatory motives. By plaintiff's own admission, Cooper did not refuse to rehire him until 2006 at the earliest and 2011 at the lastest, which is 4 to 9 years after the 2002 EEOC charge was resolved. This long amount of time makes it far-fetched that Cooper's subsequent hiring decisions were retaliatory. *See Lalvani*, 269 F.3d at 790–91 (concluding that a year and a half gap between the protected conduct and the adverse employment action is "well beyond the time that would allow a reasonable jury" to find a causal link). Further, plaintiff's own deposition testimony supports the inference that Cooper's decision-maker on hiring did not even know about plaintiff's 2002 EEOC complaint. In 2006 or 2007, plaintiff visited Cooper's human resource's department, and plaintiff stated that no one in the department was aware of the EEOC charge. Cooper's Prop. Findings of Fact Ex. 1 at 17–18 (ECF No. 53-1). *See Stephens v. Erickson*, 569 F.3d 779, 788 (7th Cir. 2009) ("[A] superior cannot retaliate against an employee for a protected activity about which he has no knowledge."). Finally, plaintiff does not show any similarly situated individual who did

7

not complain and was hired for the position. Plaintiff does not put forward any direct or indirect evidence supporting his retaliation claim and thus given all the evidence, no reasonable juror could conclude that Cooper refused to rehire plaintiff in retaliation for his 2002 EEOC complaint.

Next, I address plaintiff's claim that Cooper provided negative references to other prospective employers, including Briggs, in retaliation for plaintiff's 2002 EEOC complaint. This claim also fails because plaintiff makes no showing that Cooper ever provided any employer, including Briggs, with a negative reference, and in fact, the record supports the opposite inference. The record indicates that Briggs[1] does not check references for all job applicants; its policy is to only check references once it has offered an applicant a conditional employment offer. Adkinson Aff. (ECF No. 53-5). Plaintiff admits that he never received a conditional employment offer from Briggs, Cooper's Prop. Findings of Fact Ex. 1 at 10–12 (ECF No. 53-1), and thus under Briggs' policy, it would never have sought a reference from Cooper. Further, Cooper contracts with a third party to provide employment references, and Cooper only authorizes this third party to verify employment, position held, and in some instances salary. Treiber Aff. (ECF No. 53-4). This supports the inference that even if Briggs had sought a reference from Cooper, the third party would not have disclosed negative information or information regarding the EEOC complaint.

Plaintiff offers no evidence that Cooper ever provided any reference to Briggs, let alone a negative one, arguing only that it is "highly unlikely" that Briggs would not have

---

[1] Although plaintiff's complaint alleges that Cooper provided negative references generally, all the evidence in this case focuses on whether Cooper provided a negative reference to Briggs, and plaintiff offers no evidence that Cooper ever gave negative references to any other particular employer. Therefore I limit my discussion to Briggs.

8

contacted Cooper for a reference because Cooper was the only major employer on his resume and stating that his evidence of retaliation is that he was not hired. At the summary judgment stage, plaintiff must do more than argue a likelihood that something occurred; he must show actual evidence. *Hunt v. DaVita, Inc.*, 680 F.3d 775, 779 (7th Cir. 2012) (rejecting a claim on summary judgment where plaintiff "offer[ed] speculation but no actual evidence"). He has failed to show any evidence that Cooper actually provided Briggs, or any other employer, with a negative reference, and thus he cannot prove that Cooper provided negative references in retaliation for his 2002 EEOC complaint.

Plaintiff's retaliation claim against Briggs, that Briggs refused to hire him for the 42 positions he applied for because he had previously filed a complaint against Cooper, fails for the same reason. As noted, plaintiff cannot show that Briggs ever sought information or that Cooper ever provided Briggs with information about the 2002 EEOC complaint. Plaintiff provides no evidence that anyone at Briggs knew about the 2002 EEOC complaint against Cooper, and Briggs' and Cooper's policies regarding references support the conclusion that no one at Briggs knew. This is enough to defeat plaintiff's claim. *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1122 (7th Cir. 2009) ("In order to establish retaliation pursuant to Title VII, the employer must have had actual knowledge of the protected activity in order for its decisions to be retaliatory."). Further, as discussed above, Briggs' non-retaliatory reason for not hiring plaintiff, that he was not the most qualified candidate for the position, is supported by plaintiff's academic record, as noted above, and plaintiff offers no evidence that this reason is pretextual. Thus, plaintiff's retaliation claim against Briggs will be dismissed.

Plaintiff has also filed a motion for summary judgment. Because I have concluded

9

that no reasonable jury could find for plaintiff on any of his claims, I will deny his summary judgment motion.

## II. Motion to Compel Discovery

Cooper has also filed a motion to compel discovery. Because it has successfully argued summary judgment without the requested discovery, I will deny this motion as moot.

## III. Motion for Sanctions, Costs and Fees

As an alternative to summary judgment, Briggs asks me to sanction plaintiff for failing to respond to discovery requests by dismissing his case and awarding Briggs fees and costs. Because I am granting summary judgment in favor of defendants and dismissing all claims, I need not address whether dismissal as a sanction is appropriate. Fed. R. Civ. P. 37(b)(2)(c) requires me to order a party who fails to comply with a court order to pay reasonable expenses, including attorney's fees, caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." In this case, I will not sanction plaintiff for his failure to comply with discovery. Plaintiff is pro se and does not have an in-depth knowledge of the rules and discovery procedures, and his in forma pauperis status leads me to conclude that any financial sanction would be unjust.

## IV. Conclusion

**THEREFORE, IT IS ORDERED** that Briggs & Stratton's motion for summary judgment (ECF No. 49) and Cooper Power System LLC's motion for summary judgment (ECF No. 54) are **GRANTED**. The Clerk shall enter judgment.

**IT IS FURTHER ORDERED** that Briggs & Stratton's motion for sanctions/dismissal

(ECF No. 49) is **DENIED**.

IT IS FURTHER ORDERED that Cooper Power System LLC's motion to compel (ECF No. 44) is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED that plaintiff's motion for punitive and summary judgment (ECF No. 59) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of August, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge